UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: <br> SCP Merchandising, LLC <br><br><br> Debtor(s) <br><br> Mackenzie Niemetz, <br><br><br> Plaintiff(s) <br><br> SCP Merchandising, LLC, <br><br><br> Defendant(s) | BK No.:   23-17436 <br><br> Chapter:  7 <br><br> Honorable Janet S. Baer <br> Kane <br><br> Adv. No.: 24-00017 |

**AGREED ORDER TO STAY ADVERSARY PROCEEDING**

1. Plaintiff MacKenzie Niemetz brought this adversary proceeding, alleging a violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act") and the Illinois WARN Act, 820 ILCS 65/1 et seq, on behalf of themselves and those similarly situated against Defendant SCP Merchandising, LLC, their employer and the debtor.

   2. Upon consultation among the Plaintiff, the Debtor, and the Chapter 7 Trustee, there are unlikely to be assets available in this case. In the interest of preserving potential assets, and in the interest of judicial economy and efficiency, the parties have agreed as follows:

   a. The Debtor-Defendant and Trustee consent to the following class: "All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of December 17, 2023."

   b. Upon the issuance of notice that a dividend appears possible in this case pursuant to Federal Rule of Bankruptcy Procedure 3002(c)(5), the parties and the Trustee agree to confer over the damages, if any, pertaining to Plaintiff's and the class's alleged claim.

   c. Plaintiff may file a class proof of claim on behalf of the class as defined in 2(a) and preserves all arguments as to priority status.

   d. Debtor and the Trustee preserve all defenses to liability, amount, or priority.

   3. In light of the foregoing, the parties and the Trustee agree to stay this adversary proceeding pending a determination as to whether any assets are identified. If assets are identified and the parties wish to litigate over applicable defenses to the WARN Act claims, the stay may be dissolved upon proper petition to the court.

Upon the stipulation as agreed upon herein, the Court hereby STAYS this adversary proceeding.

Enter:

*Janet S. Baer*

Dated: June 4, 2024

United States Bankruptcy Judge

**Prepared by:**

Michael Iadevaia, Attorney for Plaintiff (prepared)
Alexander F. Brougham, Attorney for Debtor-Defendant (agreed; with consent)
Gina Krol, Chapter 7 Trustee (agreed; with consent)